# In the United States Court of Federal Claims

No. 06-111C
(Filed November 20, 2006)
**UNPUBLISHED**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | * |
| | * |
| **JOHN DOE and JANE ROE, et al.,** | * Pleading and practice; motion |
| | * to dismiss without prejudice |
| Plaintiffs, | * pursuant to RCFC 41(a)(2); |
| | * RCFC 56(f) motion for |
| v. | * discovery. |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| * * * * * * * * * * * * * * * * * * * * * * | * |

Ira M. Lechner, Escondido, CA, counsel for plaintiffs.  Susan Tsui Grundsmann, National Federation of Federal Employees, Washington, DC; Jeffrey R. Krinsk and Mark A. Golovach, Finkelstein & Krinsk, San Diego, CA, of counsel.

Douglas K. Mickle, Washington, DC, with whom was Assistant Attorney General Peter D. Keisler, for defendant.  Thomas M. Ray, U.S. Army Legal Services, Arlington, VA, of counsel.

**MILLER**, Judge.

### ORDER ON MOTION FOR VOLUNTARY DISMISSAL

Plaintiffs on September 28, 2006, filed Plaintiffs' Motion for Voluntary Dismissal of Action Pursuant to Rule 41(a)(2).  Defendant's response filed on October 3, 2006, cites cases and sets forth multiple reasons to support its contention that the dismissal be with prejudice, given that the rules do not entitle plaintiffs to a dismissal without prejudice as a matter of right.  See RCFC 41(a)(1) (motion to dismiss not automatic after filing of motion for summary judgment).  Defendant had moved for summary judgment on June 2, 2006.  By order entered on October 4, 2006, the court ordered plaintiffs to file a reply by October 17, 2006, addressing the issues raised in defendant's response or face dismissal with prejudice

pursuant to RCFC 41(b). Plaintiffs filed their reply in the form of Plaintiffs' Motion for Leave To File out of Time Their Reply to Defendant's Response to Plaintiffs' Motion To Dismiss the Complaint Without Prejudice on October 26, 2006, to which defendant filed a response on November 13, 2006. \*/

The substance of plaintiffs' October 26, 2006 brief requires this court to comment on some of plaintiffs' improper characterizations of this case. First, plaintiffs' unwarranted misinterpretation of the court's denial of plaintiffs' earlier request for additional discovery made pursuant to RCFC 56(f), which is attached hereto as Appendix A, conflicts with the careful consideration of each of plaintiffs' requests therein. The order belies plaintiffs' contention that "[d]espite overwhelming precedent that Plaintiffs were entitled to some discovery at the very least, the Court ruled that no 'additional' discovery would be permitted even though it knew that Plaintiffs had no opportunity whatsoever to conduct any discovery at all." Pls.' Br. filed Oct. 26, 2006, at 3.

The Order on Rule 56(f) Motion entered on September 15, 2006, considers each of the seven discovery requests posited by plaintiffs and evaluates them in relation to established precedent. After discussion of each of plaintiffs' requests and plaintiffs' affidavit in support, the court determined that plaintiffs made an insufficient showing to meet the

---

\*/ Plaintiffs state in their brief filed on October 26, 2006, that "[p]laintiffs received no notice whatsoever of the electronic filing on October 3, 2006 of Defendant's Response to Plaintiff's Motion to Dismiss. Nor did Plaintiffs receive any notice of the Court's Order that was filed electronically on October 4, 2006 requiring Plaintiffs to respond by October 17, 2006." Pls.' Br. filed Oct. 26, 2006, at 1. Plaintiffs later state that

> Court personnel have concluded that Plaintiffs' counsel's email address had been deleted from the court's electronic system by unknown persons . . . . When counsel contacted this Court's clerk the very next day . . . , counsel was instructed that it was counsel's responsibility to maintain the proper functioning of the court's ability to notify counsel of Defendant's electronic filings.

Id. at 2. The court would not dismiss this case due to plaintiffs' failure to adhere to the requirements of the order entered on October 4, 2006, as plaintiffs have represented that a technical problem likely contributed to their failure to comply with the order. The court does note, however, that full access to the electronic case docket was available at all times to the plaintiffs, and that this docket lists all of the relevant filings, orders, and deadlines for submissions.

requirements of RCFC 56(f) and denied the motion accordingly.  The court did not enter an order concluding that no additional discovery would be permitted; rather, the language of the order stated that plaintiffs had failed to meet their required burden of proof regarding the specific requests made.

Plaintiffs also misinterpret the court's October 4 order in their most recent brief, stating:

> On the very next day, before Plaintiffs would have an opportunity even to reply to Defendant's arguments, the Court summarily prejudged the issue at hand. The Court presented Plaintiffs with an ultimatum that "[i]f plaintiffs do not agree to a dismissal with prejudice, the case will proceed, and plaintiffs must file a responsive brief [to the motion for summary judgment] or risk dismissal with prejudice for failure to obey an order of the court/failure to prosecute pursuant to RCFC 41(b)."

Pls.' Br. filed Oct. 26, 2006, at 6.  In contrast to this assertion by plaintiffs, the order entered on October 4, 2006, reads:

> Plaintiffs on September 28, 2006, filed Plaintiffs' Motion for Voluntary Dismissal of Action Pursuant to Rule 41(a)(2).  Defendant's response filed on October 3, 2006, cites cases and sets forth multiple reasons to support its contention that the dismissal be with prejudice.  Accordingly,
>
> **IT IS ORDERED**, as follows:
>
> Plaintiffs' reply to be filed by October 17, 2006, shall address them. If plaintiffs do not agree to a dismissal with prejudice, the case will proceed, and plaintiffs must file a responsive brief or risk dismissal with prejudice for failure to obey an order of the court/failure to prosecute pursuant to RCFC 41(b).

Id.

By inartfully substituting "[to the motion for summary judgment]" for the order calling for a reply regarding cases cited by defendant in its response filed on October 3, 2006, plaintiffs have misrepresented the instructions of this court.  The language of the caption provided on the Case Management/Electronic Case Files ("CM/ECF") system to the order entered October 4, 2006, states, "<u>Plaintiffs' reply to be filed by October 17, 2006, to defendant's response filed on October 3, 2006</u>, shall address issues raised. Failure to accept

3

a dismissal with prejudice will result in case proceeding on defendant's dispositive motion or face dismissal under Rule 41(b)." <u>Doe v. United States</u>, No. 06-111 (Fed. Cl. Feb. 14, 2006), https://ecf.cofc.uscourts.gov/ (emphasis added).  Again, the language of the court's order requests plaintiffs to respond to defendant's October 3, 2006, opposition to their motion for a dismissal without prejudice, not respond to defendant's summary judgment motion, which was filed on June 2, 2006.

Nevertheless, plaintiffs "agree to a dismissal of this case without prejudice" in their October 26, 2006, brief, Pls.' Br. filed Oct. 26, 2006, at 4, and defendant has stated that it "understands plaintiffs' [brief filed October 26, 2006] to be plaintiffs' final comment upon this matter . . . . Given this understanding, and plaintiffs' conclusion, concession, and agreement that the instant case should be dismissed with prejudice, defendant does <u>not</u> oppose plaintiffs' request." Def.'s Br. filed Nov. 13, 2006, at 1.  Accordingly, based on the foregoing,

The Clerk of the Court shall dismiss the complaint with prejudice.

**IT IS SO ORDERED**.

No costs.

                                         s/ Christine O. C. Miller
                                         _____
                                         **Christine Odell Cook Miller**
                                         Judge